Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL L. GAGLIANO, an individual;<br><br>Plaintiff,<br><br>v.<br><br>PLUSFOUR, INC., a domestic corporation; TRANS UNION LLC, a foreign limited-liability company;<br><br>Defendants. | Case No.: 2:21-cv-00462<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ. AND THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY DEMAND** |

Plaintiff, Michael L. Gagliano ("Plaintiff"), by and through the undersigned counsel of record, and for his claims for relief against Defendants, PlusFour, Inc. ("Plus Four") and Trans Union LLC ("Trans Union"), complains and alleges as follows:

## JURISDICTION AND VENUE

1. This action arises out of Plus Four's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and Trans Union's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. This Court has jurisdiction over this matter under 15 U.S.C. § 1692k, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and Defendants reside and/or do business in the District of Nevada.

4. Under 28 U.S.C. § 1391(b), venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

5. Plaintiff is an adult individual residing in the State of Nevada.

6. As an individual, Plaintiff is a "consumer" under 15 U.S.C. § 1692a(3).

7. Plus Four is a domestic corporation whose principal purpose is the collection of consumer debts.

8. Plus Four regularly collects or attempts to collect consumer debts owed or due another, or asserted to be owed or due another, and therefore, Plus Four is a "debt collector" under 15 U.S.C. § 1692a(6).

9. Plus Four's principal purpose is to purchase, service, and collect defaulted consumer debts, and therefore, Plus Four is a "debt collector" under 15 U.S.C. § 1692a(6).

10. Plus Four's website (www.plusfourinc.com) further demonstrates its status as a "debt collector" under the FDCPA by claiming it offers "Debt Collection Solutions Simplified."

11. Plus Four's website further demonstrates its status as a "debt collector" under the FDCPA by touting its membership in debt collection associations, including the Association of Credit and Collection Professionals (ACA).

12. Trans Union is a foreign limited-liability company doing business in the State of Nevada.

13. Trans Union is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

14. Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d).

15. Trans Union disburses said consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

16. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

17. Plus Four sought to collect a "debt" against Plaintiff under 15 U.S.C. § 1692a(5) and NRS § 649.010.

18. Within the past year, Plus Four wrongfully engaged in collection activities against Plaintiff for an alleged financial obligation arising out of medical treatment with Desert Radiology Solutions, under Account # 66273XXXX for $669 (the "Debt").

19. The Debt was incurred as a result of alleged services provided by Desert Radiology Solutions ("Creditor"), which were primarily for family, personal, or household purposes, and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

20. The Debt was purchased, assigned, or transferred to Plus Four for collection after the Debt was allegedly in a default status with the Creditor, meaning the debt was charged off as uncollectible by the Creditor.

21. On February 7, 2021, Plaintiff became aware that Defendants were reporting a past due balance for the Debt on Plaintiff's Trans Union profile when Plaintiff does not recognize the Debt or the purported services giving rise to the Debt.

22. On February 7, 2021, Plaintiff submitted an online dispute to Trans Union regarding the Debt under File Identification # 395674664 (the "Credit Dispute").

23. On information and belief, upon receiving the Credit Dispute from Plaintiff, Trans Union communicated Plaintiff's written dispute to Plus Four for investigation.

24. On February 8, 2021, Plaintiff submitted a Better Business Bureau ("BBB") Complaint against Plus Four for reporting inaccurate information.

25. On February 8, 2021, Plaintiff called Plus Four to dispute the Debt.

26. Plus Four did not (and has not) reported to the national credit bureaus that Plaintiff disputes the Debt's validity.

27. During the February 8, 2021 call, Plus Four could not verify the Debt using Plaintiff's identifying information.

28. Despite failing to verify the Debt's accuracy, the Plus Four representative told Plaintiff that Plus Four would not release the Debt until Plaintiff paid the Debt in full.

29. On February 10, 2021, Plaintiff's attorney of record sent Plus Four a Letter of Representation, which included the attorney's name and address, demanding Plus Four cease all

1 communication and collection efforts against Plaintiff and release the Debt as it was not
2 validated and does not belong to Plaintiff.

3     30. On February 17, 2021, Plus Four sent a "Waiver and Release" to Plaintiff without
4 notifying Plaintiff's attorney (the "Release").

5     31. The Release sought to force Plaintiff to release Plus Four from any claims under
6 the FDCPA, among others, in exchange for sharing documents related to the Debt.

7     32. Plus Four sent the Release directly to Plaintiff.

8     33. Plus Four did not copy Plaintiff's attorney on the Release.

9     34. Plus Four sent the Release directly to Plaintiff without Plaintiff's attorney's
10 consent.

11     35. Plus Four sent the Release knowing that Plaintiff was represented by an attorney
12 regarding the Debt.

13     36. Plus Four attempted to circumvent the advice and counsel of Plaintiff's attorney
14 and coerce Plaintiff to release any claims against it.

15     37. Despite receiving Plaintiff's Credit Dispute, Defendants continue to report the
16 above-referenced inaccuracies.

17     38. Despite proper notice of the disputes, Defendants failed to conduct a reasonable
18 reinvestigation as required under the FCRA and confirmed and verified the false and derogatory
19 information and demanded that the false and derogatory information remain on Plaintiff's credit
20 profiles.

21     39. Despite proper notice of the Credit Dispute, Defendants fail to report that Plaintiff
22 disputes the Debt's validity.

### FIRST CLAIM FOR RELIEF

**[Violations of the FDCPA; 15 U.S.C. § 1692, et seq. against Plus Four]**

25     40. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth
26 below.

27     41. Plus Four violated 15 U.S.C. § 1692c by continuing to contact Plaintiff to collect
28 the Debt without his consent or the consent of his attorney, and with knowledge that Plaintiff

1 was represented by legal counsel for the Debt. Plus Four never investigated or attempted to contact Plaintiff's counsel to confirm he was indeed represented.

42. Plus Four violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of the Debt by deceiving Plaintiff into believing he must pay the Debt even though Plus Four could not validate or authenticate the Debt.

43. Plus Four violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of the Debt by attempting to circumvent Plaintiff's attorney to force Plaintiff to execute the Release without his attorney's advice and consent.

44. Plus Four violated 15 U.S.C. § 1692e(8) by reporting the Debt to Plaintiff's Trans Union credit profile without a dispute notation demonstrating that Plaintiff disputes the Debt's validity.

45. Plus Four violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the Debt when it continued to pursue collection of the Debt against Plaintiff despite failing to validate and authenticate the Debt.

46. Plus Four violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect the Debt when it circumvented Plaintiff's attorney and contacted Plaintiff directly in an effort to force Plaintiff to sign the Release without his attorney's advice and consent.

47. Plus Four's acts and omissions were willful, reckless, and/or negligent violations of the FDCPA, including every one of the above-cited provisions.

48. In the alternative, Plus Four was negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1692k(a)(1).

49. As a direct and proximate result of the above-referenced violations by Plus Four, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

50. Plaintiff suffered actual harm as a direct and proximate result of Plus Four's actions through the embarrassment, intrusion, invasion of privacy, and wasted time associated with Plus Four's collection tactics referenced in this Complaint.

51. Plaintiff suffered further actual harm through a loan denial as a direct and proximate result of the Debt on his credit profile.

52. Plaintiff has been forced to retain the Law Office of Kevin L. Hernandez to pursue these claims and is therefore entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1692k.

53. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

54. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## **SECOND CLAIM FOR RELIEF**

### **[Violations of 15 U.S.C. § 1681e(b) against Trans Union]**

55. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

56. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file it publishes and maintains concerning Plaintiff.

57. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit and loss of ability to purchase and benefit from credit.

58. Trans Union's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

59. In the alternative, Trans Union was negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

60. As a direct and proximate result of the above-referenced violations by Trans Union, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

61. Plaintiff is entitled to recover costs and attorneys' fees from Trans Union in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

62. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

63. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## THIRD CLAIM FOR RELIEF

### [Violation of 15 U.S.C. § 1681i against Trans Union]

64. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

65. Trans Union violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned inaccurate information in Plaintiff's credit files after receiving actual notice of the inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it has reason to know is unreliable.

66. As a direct and proximate result of this conduct by Trans Union, Plaintiff suffered, and continues to suffer, damage by loss of credit, and the loss of the ability to purchase and benefit from credit.

67. Trans Union's conduct was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

68. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;

2. For an award of statutory damages;

3. For punitive damages;

4. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and

5. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: March 22, 2021

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*