**JENNIFER BERGH**
Nevada Bar No. 14480
**QUILLING SELANDER LOWNDS**
**WINSLETT & MOSER, P.C.**
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
Telephone: (214) 560-5460
Facsimile:  (214) 871-2111
jbergh@qslwm.com
**COUNSEL FOR TRANS UNION LLC**

**Designated Attorney for Personal Service**
Trevor Waite, Esq.
Nevada Bar No.: 13779
6605 Grand Montecito Parkway, Suite 200
Las Vegas, Nevada 89149

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL L. GAGLIANO,<br><br>              Plaintiff,<br><br>v.<br><br>PLUSFOUR, INC., AND<br>TRANS UNION LLC,<br><br>              Defendants. | Case No. 2:21-cv-00462-RFB-NJK<br><br>**AGREED PROTECTIVE ORDER** |

Pending before the Court is Plaintiff Michael L. Gagliano and Defendants Trans Union LLC and PlusFour, Inc.'s (collectively the "Parties") Agreed Motion for Protective Order.  After considering said Motion, the Court finds that it should be GRANTED.  It is therefore, ORDERED that the parties herein comply with the provisions of this Order set forth below.

Plaintiff Michael L. Gagliano has filed this lawsuit (the "Litigation") against Defendants Trans Union LLC and PlusFour, Inc. ("Defendant"), alleging that Defendants are liable to Plaintiff for damages resulting from alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*  In connection with the Litigation, Plaintiff has sought discovery or testimony regarding certain of Defendants' confidential and proprietary trade secrets and other business information

and Defendants have sought discovery or testimony regarding the personal identifying information of Plaintiff (herein after collectively referred to as the "Confidential Information").

As a means of avoiding continued dispute with respect to any Parties' requests for the Confidential Information, the Parties have agreed to produce certain Confidential Information pursuant to the terms of this Order.

All Confidential Information shall only be utilized by the Parties in connection with the Litigation and in accordance with the terms and conditions of this Order.

The Parties shall have the right to designate as Confidential Information any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, trial or deposition testimony or other information that the Parties deem to be confidential.  Any document, discovery, testimony, or other information that the Parties have designated as Confidential Information shall constitute Confidential Information, both in form and substance.

The Confidential Information provided by any of the Parties shall be used strictly in accordance with the terms in this Order. At no time shall the Confidential Information be disclosed to or used by any person, corporation, or entity in competition with or against any of the Parties.

The Parties may designate any document, discovery, or other information as Confidential Information by an appropriate marking that prominently displays the words "Confidential" or "Confidential Information". Deposition or trial testimony can be designated by the Parties as Confidential Information. Such designation will be made on the record if possible, but the Parties can designate portions of such testimony as Confidential Information by providing written notice of such designation to the opposing Parties within thirty (30) days of receipt of the transcribed testimony by counsel. Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the Parties as Confidential Information.

4186331.1

The Parties, their attorneys, or anyone else acting on their behalf shall take such precautions with the Confidential Information as are necessary to strictly maintain its confidentiality and comply with the terms of this Order.

Unless otherwise ordered by the Court, or agreed to in writing by the Parties, information designated by any of the Parties as Confidential Information shall not be revealed to any person or entity except: (i) the parties, their attorneys and their attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; and (iii) expert witnesses and their staff employed for this litigation after such experts have signed the acknowledgment attached as Exhibit A; (iv) present or former employees of the producing party in connection with their depositions in this action, including witnesses produced pursuant to Fed. R. Civ. P. 30(b)(6); (v) witnesses who are deposed in this action or who are called to testify as witnesses at any hearing in this action, but only in preparation for the deposition or hearing and only as to such material in which the witness is identified as an originator, author, addressee, or recipient of the original or a copy; (vi) outside professional vendors that provide litigation support services, such as photocopying, imaging, videotaping, exhibit preparation, etc. after such vendors have signed the acknowledgment attached as Exhibit A, and (vii) the Court, Court personnel, and members of any jury impaneled to hear this case.

See order issued concurrently herewith.

In the event a Party disagrees with the designation of Confidential Information, the Parties shall first try to resolve the disagreement in good faith on an informal basis, such as the production of redacted copies. In the event such a dispute cannot be resolved by agreement, a Party may move the Court for modification of this Order. The Confidential Information designation shall be maintained pending disposition of such a motion.

This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any Confidential Information or affects the admissibility of any evidence. The procedures to govern the use and disclosure of Confidential Information and the redaction of any

"Confidential" or "Confidential Information" designation may be the subject of further agreement of the Parties or order of the Court.

Nothing herein shall be construed as limiting a Party's use of its own Confidential Information and such use shall not constitute a waiver of the terms of this Order or the status of such information as Confidential Information. Any of the Parties can remove their designation of Confidential Information from any information it has previously so designated.

The Parties cannot use or disclose any Confidential Information in any pretrial court proceeding that is open to persons not authorized to have access to such Confidential Information under the terms of this Order. See order issued concurrently herewith.

Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Protective Order by providing the Parties with written notice that they intend to comply with and be bound by the terms of this Protective Order.

Within sixty (60) days after the final resolution of the Litigation, including any appellate proceeding, the Parties agree to return to opposing counsel the original and any copies of any Confidential Information produced.

IT IS SO ORDERED.

SIGNED this ___26th___ day of __May_____ 2021.


_____
**HONORABLE NANCY J. KOPPE**
UNITED STATES MAGISTRATE JUDGE

4186331.1

**AGREED:**

*/s/ Kevin L. Hernandez*

Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
LAW OFFICE OF KEVIN L. HERNANDEZ
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
Telephone: (702) 563-4450
Facsimile: (702) 552-0408
kevin@kevinhernandezlaw.com
***Counsel for Plaintiff***

*/s/ Jennifer Bergh*

Jennifer Bergh
Nevada Bar No. 14480
QUILLING SELANDER LOWNDS
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
Telephone: (214) 560-5460
Facsimile: (214) 871-2111
jbergh@qslwm.com
***Counsel for Trans Union LLC***

*/s/ Garrett R. Chase*

Garrett R. Chase, Esq.
Nevada Bar No. 14498
SHUMWAY VAN
8985South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770
Facsimile: (702) 478-7779
garrett@shumwayvan.com
***Counsel for PlusFour, Inc.***

4186331.1

**EXHIBIT A**

The undersigned has read and understands the terms of the Agreed Protective/Confidentiality Order effective in this case, *Michael L. Gagliano v. PlusFour, Inc., et al.*, Civil Action No. 2:21-cv-00462-RFB-NJK, which is currently pending in the United States District Court for the District of Nevada, Las Vegas Division. The undersigned agrees (i) to abide by the terms of the Agreed Protective/Confidentiality Order; (ii) not to use or divulge, under penalty of law, any documents, materials or other information covered by the Agreed Protective/Confidentiality Order, including Confidential Information, except as permitted by the terms of the Agreed Protective/Confidentiality Order; and (iii) to submit to the jurisdiction of the United States District Court for the District of Nevada, Las Vegas Division for resolution of any issues arising under the Agreed Protective/Confidentiality Order.

Dated: _____     Signed: _____

Printed: _____

4186331.1